**Randy J. Harvey**, OSB #116714
BASSINGER & HARVEY
PO Box 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404
randy@bassingerharveylaw.com

**Of Attorneys for Plaintiff
JEFF SUMPTER**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JEFF SUMPTER, | Case No. |
| Plaintiff, | **COMPLAINT** |
| and | 1. First Amendment; |
| CLACKAMAS COUNTY SHERIFF'S OFFICE, a political subdivision of Clackamas County, Oregon | 2. Retaliation; and, |
| | 3. Discrimination |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| | CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION |
| | Claim: $525,200 |
| | Filing Fee: $834 (ORS 21.160(1)(d)) |

COMPLAINT        1

Plaintiff alleges:

## I. INTRODUCTION

1. This is an employment case involving violation of First Amendment Rights, retaliation and discrimination that resulted in the Plaintiff's discharge. Plaintiff's fundamental rights were violated when he was pressed and compelled, through oppressive means, to engage in conduct directly in violation of his rights to advocate for the public interest and report violations of the law.

## II. JURISDICTION AND VENUE

2. This is an action for violations of the United States Constitution brought under 42 U.S.C § 1983. This court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1334(3) and (4). This court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in Oregon's federal court in this division, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims arose within this district.

4. Plaintiff timely filed a complaint with the Oregon Bureau of Labor on October 22, 2018, Case No. STEMWB181018-11575, and received notice of a right to sue on February 22, 2018.

5. Plaintiff timely provided Clackamas County Sheriff's Office, a political subdivision of Clackamas County, Oregon (hereinafter, "Defendant") with a written tort claim notice pursuant to ORS 30.275 by a letter dated November 28, 2018 along with a request to preserve evidence.

## III. THE PARTIES

6. At all material times herein, Plaintiff was and is an American citizen living in

Oregon and working for Defendant.

7.  At all material times, Defendant CCSO is a political subdivision of Clackamas County in the State of Oregon.

## IV. FACTUAL ALLEGATION

8.  Plaintiff delivered an Oregon Tort Claims Notice to Defendant on or about November 28, 2018 and more than thirty days have passed since Defendant received the Tort Claim Notice regarding claims and damages. Defendant has not responded to the Tort Claim Notice.

9.  This Complaint is properly before this Court because it is a court of general jurisdiction and all of the claims in the Complaint arise under the United States Constitution, Oregon State Law, the Oregon Constitution, federal statute, and/or common law, and because all events described herein occurred in the State of Oregon.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Deprivation of Civil Rights; Or. Const. §§3,8; U.S. Const. Section §§ 1981, 1983)**

10  Plaintiff incorporates paragraphs 1 through 9 by reference.

11.  Defendant harassed, intimidated and threatened Plaintiff's rights guaranteed to him under the First and Fourteenth Amendments to the United States Constitution, as applied to state and local governments under the Fourteenth Amendment, in one or more of the following particulars by:

    A.  substantially burdened Plaintiff's right to free exercise of his speech liberty to prevent him from reporting and acting to protect the interests of inmates

       in Defendant's custody, control and jurisdiction; and, other employees and himself;

B.    substantially burdening Plaintiff's right to free speech by attempting to silence him through intimidation and threats;

C.    by substantially burdened Plaintiff's right not to be compelled to speak or express a message contrary to his own interest's values and beliefs in the face of adverse employment and professional punishment for exercising his First Amendment rights to speak against governmental misconduct and illegal activity;

D.    substantially burdening Plaintiff's right to free speech by imposing unconstitutional conditions based on discrimination against the viewpoint of his speech;

E.    substantially burdening Plaintiff's right to due process by applying policies, customs and practices that were vague and overbroad by vesting Defendant with unbridled discretion to punish protected expression without objective standards or guidelines, arbitrarily and impermissibly chilling protected First Amendment expression, whereby a reasonable person could not determine what conduct was required to conform to such policies, practices or customs;

F.    substantially burdening Plaintiff's right to free speech and free exercise by retaliating against him for exercising his First Amendment rights including threatening and taking disciplinary action against him for his free speech activities;

  G. depriving Plaintiff of his right to be free from discrimination based on his strongly held beliefs; and

  H. depriving Plaintiff of his right to be free from discrimination on the basis of opposition to illegal conduct including discrimination for protected activity and whistleblowing.

12. The deprivation of Plaintiff's constitutional rights was pursuant to the official policies, practices and/or customs of Defendant, which are neither neutral nor of general applicability, and Plaintiff is entitled to damages according to proof, but not less than $150,000.

13. Defendant's actions were not the least restrictive means of accomplishing any legitimate, let alone compelling, governmental interest.

14. As a direct result of the misconduct of Defendant, Plaintiff suffered economic and noneconomic damages according to proof, but not less than $ 150,000.

15. Plaintiff is entitled to recover compensatory damages according to proof, but not less than $100,000.

16. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

### (Retaliation for Reporting and Policy Violations - ORS. 659A.199 *et.seq*)

17 Plaintiff adopts paragraphs 10 through 16 by reference.

18. Plaintiff, in good faith, reported criminal conduct or behavior which violated one or more of Defendant's policies, procedures and or protocols, in one or more of the following particulars:

\\\

      A.      Engaged in protected union activity advocating of maintenance of union positions being replaced by contracted employees on or about January 25, 2017; A supervisor sent an email that the change would occur and publicly denied sending the email which Plaintiff had a copy of;

      B.      Complained about lack of coverage for inmates on or about June 15, 2017, to Brian Imdieke creating lack of safety for correction officers supervising alone at night, and for inmates not having sufficient coverage should a crisis arise;

      C.      Complained on or about July 22, 2017 about ongoing lack of coverage for inmates and understaffing causing safety risks for correction officers;

      D.      Complained about lack of Medical Technicians available to provide services to inmates on or about August 1, 2017;

      E.      Complained about lack of compliance with mandatory training for correctional officers on or about September 2017;

      F.      Filed a complaint with Human Resources on or about November 1, 2017 for harassment, retaliation and discrimination by Plaintiff's supervisors;

      G.      Filed an Ethics Complaint with the State of Oregon in February 2018; and

      H.      Filed a complaint against a supervisor with the Department of Public Standards and Safety regarding dishonesty on or about February 16, 2018.

19.    After Plaintiff made these reports and complaints to his supervisors and managers, Plaintiff was subjected to ongoing harassment, denial of leave, denial of training

ridicule, scorn and disciplinary procedures, including multiple pre-textual investigations and finally termination as outlined in paragraph 32 below and incorporated herein.

20. Plaintiff complained to Human Resources staff that he was being harassed and ridiculed as a result of his reports of misconduct and policy violations.

21. After Plaintiff reported misconduct his time records were scrutinized, and false accusations were made against him for allegedly failing to properly report his time. Plaintiff was subjected to pretextual investigations, suspension and termination in retaliation for protected activity.

22. Plaintiff received notice that he was being investigated for misconduct. Plaintiff knew the investigation was pretext given that his job duties and performance were consistent with and/or above average for Defendant.

23. Plaintiff has been harmed mentally and emotionally as a direct and proximate result of Defendant's retaliation against Plaintiff for protected activity according to proof, but not less than $75,000.

24. Plaintiff's professional reputation has been harmed denying him opportunities to be employed in law enforcement positions due to being terminated from his position with Defendant. Plaintiff is entitled to recover damages for loss of professional reputation according to proof, but no less than $150,000.

25. Plaintiff is entitled to a statutory recovery of attorney fees and costs under ORS 659A.885, *42 U.S.C. § 20003-5(k).*

## THIRD CLAIM FOR RELIEF

**(Discrimination and Harassment- ORS. 659A.199 *et.seq*)**

26. Plaintiff adopts paragraphs 17 through 25 by reference.

COMPLAINT                                                        7

27. Plaintiff was subjected to discrimination and harassment by Defendant supervisors, for engaging in protected activity, as alleged in paragraph 11.

28. Plaintiff was denied training and leave based on discrimination for engaging in protected activity.

29. Plaintiff was subjected to harassment, scorn and ridicule for his complaints about policy and safety violations against supervisors.

30. Thereafter, Plaintiff's supervisor, Jenna Morrison, called him an "asshole, but an asshole with a heart of gold" in front of Brian Imdieke on or about the morning od April 20, 2017.

31. Plaintiff filed a complaint with Human Resources about his supervisor's conduct toward him. Human Resources notified Plaintiff it was taking no action to protect Plaintiff from the supervisor by letter on April 3, 2018.

32. Thereafter Plaintiff's supervisor launched multiple pretextual investigations into Plaintiff and placed him on leave. On information and belief, the purpose of the pretextual investigation was to teach Plaintiff a lesson not to file complaints against supervisors and to suppress complaints by Plaintiff and other employees against management and was:

    A. investigated for alleged lying on or about October 12, 2017, Plaintiff was cleared on December 19, 2017;

    B. investigated for allegedly calling an inmate a "snitch," right after filing complaint with Human Resources on or about November 2017. Placed on leave on December 20, 2017 without knowing why and was not informed of the reason until January 14, 2018;

    C. investigated for allegedly leaving inmates locked in car two-years earlier

    on or about December 2017; and

  D. terminated on July 3, 2018.

33. As a result of Plaintiff's complaints about inappropriate conduct in the workplace, Plaintiff has been subjected to harassment, ridicule, and isolation that has interfered with Plaintiff's ability to perform his duties and placed Plaintiff in fear for his wellbeing causing him to suffer anxiety, loss of sleep and depression according to proof, but not less than $75,000.

34. Plaintiff has suffered financial harm as a result of being terminated from his job according to proof. Plaintiff is entitled to recover loss of wages, loss of retirement and medical benefits in an amount according to proof, but not less than $100,000.

35. Plaintiff has suffered harm to his reputation as a skilled social worker and is entitled to compensatory damages in an amount according to proof, but not less than $150,000.

36. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

## VI. DEMAND FOR JURY TRIAL

37. Plaintiff hereby requests a jury trial on all triable claims and issues herein.

## VII. PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

39. Lost wages and benefits according to proof, but not less than $100,000;

40. Front pay for two years according to proof not less than $200,000

41. Emotional distress damages in the sum of $75,000;

42. Compensatory damages for loss to character, reputation and status as in the sum of $150,000;

43. Pre-judgment and post-judgment interest as allowed by law;

44. Plaintiff's reasonable attorney fees, costs and disbursements;

45. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

46. Declaring that Defendant violated the statutes set forth in Plaintiff's claims for relief;

47. Declaring that Defendant violated statutes set forth in Plaintiff's claims for relief;

48. Awarding Plaintiff $200 or actual economic damages pursuant to ORS659A.885(3) for lost earning capacity, and future earnings and benefits in amounts as awarded by a jury, whichever is greater;

50. Awarding Plaintiff his reasonable attorney fees, costs and disbursements pursuant to 42 U.S.C. § 1988; and

51. Any other relief the court deems just and equitable.

Respectfully submitted this 16th day of May, 2019.

                                          BASSINGER & HARVEY

By:   */s/ Randy J. Harvey*
       **Randy J. Harvey** (OSB No. 116714)
       Randy@bassingerharveylaw.com
       BASSINGER & HARVEY
       PO BOX 1309
       Sherwood, Oregon 97140
       Telephone: (503) 822-5340
       Facsimile: (503) 433-1404

       Of Attorneys for Plaintiff
       Jeff Sumpter